# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **M.G. and E.G.**

**No. 16-1191** (Wood County 15-JA-141 & 15-JA-142)

**FILED**

**May 22, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother K.G., by counsel Thomas B. Karr, appeals the Circuit Court of Wood County's November 22, 2016, order terminating her parental rights to M.G. and E.G.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Debra L. Steed, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion to extend her improvement period and in failing to consider a less-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2015, the DHHR filed an abuse and neglect petition against the parents that alleged that the home was in an unsanitary and unsafe condition, primarily due to the presence of multiple active methamphetamine laboratories. According to a law enforcement officer who investigated petitioner's home, it was in deplorable condition and filled with trash and feces.

In October of 2015, the parents both stipulated to allegations in the petition, and the circuit court granted them post-adjudicatory improvement periods. Eventually, in May of 2016, petitioner was granted an improvement period as disposition. However, throughout the course of their improvement periods, the parents failed to make significant changes in their parenting. Specifically, although she was initially compliant with services, petitioner began missing family therapy appointments. Further, petitioner had not visited the children in the two months preceding the final dispositional hearing.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

In November of 2016, the circuit court held a final dispositional hearing, during which a service provider testified that petitioner failed to implement the skills taught during services. In fact, the provider testified that petitioner was actually regressing in her ability to parent over the course of her improvement periods. The provider also testified to the parents' poor decision making regarding the conditions in the home, including their willingness to store food in cupboards that contained cockroaches or use appliances that the insects had been in contact with. According to this provider, the parents took a limited degree of responsibility for the conditions in the home in that they felt as if they did not need to correct the infestations because they were not responsible for causing them.

Regarding the parents' living situation, the circuit court heard testimony about the parents' move from their original residence into a new home, which thereafter became infested with cockroaches and bed bugs, thereby rendering it unsuitable for the children. Upon moving to their current residence, the parents failed to follow recommendations to prevent the transportation of insects from one residence to the next, as evidenced by the presence of cockroaches in their current home. Petitioner moved for an extension of her improvement period, but the circuit court denied the motion. Ultimately, the circuit court found that the parents' current home was unfit for the children, given the continued presence of cockroaches and a lack of running water or furniture. The circuit court also found that the parents permitted inappropriate individuals, including sex offenders, to visit the home. As such, the circuit court found there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect and that termination of her parental rights was necessary for the children's welfare. Accordingly, the circuit court terminated petitioner's parental rights.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

---

[2]The parental rights of all parents to all children were terminated below. According to the DHHR, the permanency plan for the children is adoption by the maternal grandparents.

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's denial of petitioner's motion to extend her improvement period or in the circuit court's termination of her parental rights.

First, petitioner argues that the circuit court erred in denying her motion for an extension of her improvement period. According to petitioner, she fully complied with the terms of her improvement period and had substantially corrected the conditions of abuse and neglect by securing a new residence free of the issues from which the prior homes suffered. The Court, however, does not agree. Contrary to petitioner's argument on appeal that she had not seen any issues with insects since moving to her current residence, the record shows that she specifically testified to finding cockroaches on her walker while at her doctor's office. This incident took place after petitioner's move to her new residence. The record also shows that petitioner admitted that she failed to take all appropriate steps recommended to ensure that the parents did not transport insects from one home to another, such as failing to set traps in the new residence prior to moving belongings there and bringing a television from the old residence to the new residence against advice regarding insects' ability to live inside electronic devices.

Pursuant to West Virginia Code § 49-4-610(6), a circuit court may extend an improvement period granted at disposition upon a finding that the parent "has substantially complied with the terms of the improvement period[,]" among other requirements. Here, the record is clear that petitioner failed to substantially comply with the terms of her improvement period. As noted above, in the months leading to the dispositional hearing, petitioner missed many therapy appointments and visits with the children. Moreover, the record shows that during her improvement periods, petitioner moved from one uninhabitable home to a suitable home, which she and the father then rendered uninhabitable. Moreover, after securing a second suitable home, petitioner and the father failed to take the appropriate precautions to protect this home from also becoming uninhabitable. Based upon this evidence, it is clear that petitioner failed to substantially comply with the terms of her improvement period, as evidence by the persistent nature of the underlying conditions of abuse and neglect present throughout the proceedings. Accordingly, the circuit court did not err in denying petitioner's motion to extend her improvement period.

Finally, petitioner argues that the circuit court erred in terminating her parental rights because it failed to consider less-restrictive dispositional alternatives. According to petitioner, the circuit court more appropriately should have terminated only her custodial rights so that she could have later petitioned the circuit court for custody of the children. We do not agree. Pursuant to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child . . . .

3

The circuit court made this finding in regard to petitioner, based upon her inability to implement the skills taught through services and the continued presence of the conditions giving rise to the petition. According to the circuit court, the parents "occupied three . . . separate homes since the filing of the petition, two of which were found to be in deplorable condition." As to the third residence, the circuit court heard testimony that the parents failed to take appropriate steps to prevent another insect infestation and had, in fact, already witnessed insects that were transported from their prior residence.

Based upon the evidence, the circuit court found that petitioner had "an inability to follow directions of the providers and [was] unable to commit to the programs" the DHHR offered to remedy the conditions of abuse and neglect. As such, the circuit court had sufficient evidence upon which to find that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect. The circuit court also found that termination of petitioner's parental rights was necessary for the children's welfare. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate a parent's parental rights upon such findings. We have also held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Accordingly, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 22, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**: May 22, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4